UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DERRICK BRUNSON,
ERNEST SMITH, and NORMAN WILLIAMS,
on behalf of themselves and all others
similarly situated,

Plaintiffs,

-against-

SECURUS TECHNOLOGIES LLC,

Defendant.
-----------------------------------------------------------X

26-CV-4964

**CLASS ACTION COMPLAINT**
**<u>AND JURY DEMAND</u>**

Plaintiffs, on behalf of themselves and a putative class of similarly situated individuals, by their attorneys, Menken Simpson & Rozger LLP, allege as follows:

**<u>PRELIMINARY STATEMENT</u>**

1. This action is brought on behalf of the Plaintiffs and a putative class of laborers, workmen, and mechanics employed by Defendant Securus Technologies LLC ("Securus") who installed, repaired, and maintained inmate communications systems and technology in jails, prisons, and public hospitals in the State of New York.

2. Plaintiffs and class members were not paid the total amount of prevailing wages and supplemental benefits for the "Electrician" occupation for work performed for the City and State of New York and its agencies according to the applicable New York City Prevailing Wage Schedule, as required by the contractual terms set forth in New York Labor Law ("NYLL") § 220. Class members were similarly not paid the proper "Electrician" rate, as set by the New York State Department of Labor, for work performed on New York State public projects subject to such rates.

3. Plaintiffs and class members also seek to recover overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as their overtime pay was calculated using an unlawfully low regular rate of pay.

4. Plaintiffs therefore bring this action on behalf of themselves and a class of similarly situated current and former employees of Defendant Securus, under Fed. R. Civ. P. 23, as third-party beneficiaries of Defendant's prevailing wage contracts. Defendant failed to comply with the statutorily required provision of all publicly financed contracts entered into in the State of New York to abide by NYLL § 220, requiring the proper payment of prevailing wages and supplemental benefits as set by the New York City Comptroller or the New York State Department of Labor, as applicable.

5. Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former employees of Defendant Securus in the State of New York who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and specifically the collective action provision of the FLSA, 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by the Defendant that have deprived Plaintiffs and the putative class of their lawful wages.

6. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the putative class, and as such, notice should be sent to this FLSA class. There are numerous similarly situated current and former employees of Defendant who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join ("FLSA Opt-In Class").

## PARTIES

7. Plaintiff Derrick Brunson is a resident of New York who has worked for Securus from 2020 to 2026 as a Field Service Technician. He performed electrical work on various New York jails, prisons, and hospitals, including Rikers Island, Brooklyn Detention Center, Manhattan Detention Complex, Vernon C. Bain Correctional Center, Bellevue Hospital, and Elmhurst Hospital. The work Plaintiff Brunson performed included, but was not limited to, installing, repairing, servicing, and maintaining telecommunications systems such as inmate phone systems, Teletypewriter ("TTY") phone systems, video relay service, and wireless internet.

8. In 2026, Plaintiff Brunson was paid $32 per hour for such work and received health insurance for which he contributed towards the premiums through payroll deductions.

9. The hourly value of the limited fringe benefits Plaintiff Brunson received was at all times less than the prevailing wage hourly fringe benefit value.

10. At the time in 2026 when Plaintiff Brunson was paid $32 per hour with limited fringe benefits, the applicable prevailing wage for his work was at least $43.50 per hour in wages, plus $34.89 per hour for fringe benefits.

11. Plaintiff Brunson was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

12. Plaintiff Ernest Smith is a resident of New York who worked for Securus for two years from 2022 to 2024. He performed electrical work on various New York jails, prisons, and hospitals, including Rikers Island, Brooklyn Detention Center, Manhattan Detention Complex, Vernon C. Bain Correctional Center, Bellevue Hospital, and Elmhurst Hospital. The work Plaintiff Smith performed included, but was not limited to, installing, repairing, servicing, and maintaining

telecommunications systems such as inmate phone systems, Teletypewriter ("TTY") phone systems, video relay service, and wireless internet.

13. Plaintiff Smith was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

14. When last employed by Defendant, Mr. Smith was paid $32.50 per hour and was not provided any fringe benefits.

15. At the time in 2024 when Plaintiff Brunson was paid $32.50 per hour with no fringe benefits, the applicable prevailing wage rate for his work was at least $46.88 per hour in wages, plus $28.53 per hour for fringe benefits.

16. Plaintiff Norman Williams is a resident of New York who worked for Securus for seven years from 2014 to 2021 as a Field Service Specialist. He performed electrical work on various New York State jails, prisons, and hospitals, including Rikers Island, Brooklyn Detention Center, Manhattan Detention Complex, Vernon C. Bain Correctional Center, Bellevue Hospital, and Elmhurst Hospital. The work Plaintiff Williams performed included, but was not limited to, installing, repairing, and maintaining telecommunications systems such as inmate phone systems and wireless internet, equipment installation, troubleshooting wiring and voice gateway, and switch configuration.

17. When he first joined Securus in 2014, Plaintiff Williams was paid at a rate of $25 per hour, and upon his resignation in 2021 was paid at a rate of $31 per hour. Plaintiff Williams received only supplemental benefits in the form of dental and vision insurance.

18. The hourly value of the limited fringe benefits Plaintiff Williams received was at all times less than the prevailing wage hourly fringe benefit value.

19. At the time in 2021 when Plaintiff Williams was paid $25 per hour with limited fringe benefits, the applicable prevailing wage for his work was at least $30.50 per hour in wages, plus $24.25 per hour for fringe benefits.

20. Plaintiff Williams was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

21. Defendant Securus is a Delaware corporation with its principal place of business in Carrollton, Texas. According to its website, Securus "connects family and friends to the incarcerated through superior communication services" by "maintain[ing] relationships between incarcerated individuals and their family and friends through easy-to-use incarcerated individual calling options and Video Connect from anywhere using Apple or Android smartphones, tablets or PCs." SECURUS TECHNOLOGIES, https://www.securustechnologies.com/consumer/about-us. Securus claims to be "the largest incarcerated individual communications provider" serving "more than 3,400 public safety, law enforcement and corrections agencies and over 1.2 million incarcerated individuals across North America." *Id.* Publicly available information indicates that Securus has had numerous seven figure contracts with the City of New York, including a current contract for more than $3.9 million.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendant are completely diverse, and the amount in controversy exceeds $75,000.

23. This Court also has subject matter jurisdiction over this dispute pursuant to 29 U.S.C. §§ 1331 and 1337. In addition, this Court has supplemental jurisdiction over Plaintiffs' state

law claims against Defendant pursuant to 28 U.S.C. § 1367 because such claims are part of the same controversy and derive from a common nucleus of operative fact.

24. Because Defendant regularly does business within, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within, the Southern District of New York (particularly in Bronx County, where Rikers Island is located), venue is proper in this District pursuant to 28 U.S.C. § 1391.

## CLASS ALLEGATIONS

25. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP").

26. This action is brought on behalf of the Plaintiffs and a class consisting of all laborers, workmen, and mechanics, including but not limited to those employees of Defendant who performed electrical work on various New York State jails, prisons, and hospitals, such as installing, repairing, and maintaining telecommunications systems like inmate phone systems and wireless internet from June 11, 2020, to the entry of judgment in this case (the "Class" and "Class Period," respectively).

27. The persons in the Class identified above are so numerous that joinder of all members is impracticable.

28. There are questions of law and fact common to the class which predominate over any questions affecting only individual members, including:

a. Whether Securus entered into certain public works contracts with New York State government agencies to furnish the necessary labor, material, and equipment to perform work upon the public works projects;

b. Whether Securus paid Plaintiffs and the putative class members the proper prevailing rates of wages and supplemental benefits due to them and all workers furnishing labor on the sites of the public works projects; and

c. Whether Securus paid Plaintiffs and the putative class members time and one-half the prevailing wage rate for all hours worked over forty in a week on public job sites.

29. The claims of Plaintiffs are typical of the claims of the putative class members.

30. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

31. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. This is particularly true in the context of wage and hour litigation where individual Plaintiffs often lack the financial resources to vigorously prosecute a lawsuit against large corporations such as Securus.

## FACTS

32. Securus is a leading provider of communications services and the installation, maintenance, and repair of the required equipment for incarcerated individuals across the United States of America.

33. During the Class Period, Securus entered into certain contracts, either as prime contractor or subcontractor, with the State of New York, City of New York, public benefit corporations, municipal corporations, or commissions appointed pursuant to law, and/or with prime contractors not currently known, to furnish labor, material, and equipment for the performance of telecommunications installation, repair, and maintenance in public jails, prisons, and hospitals across the State and City of New York. Such jails, prisons, and hospitals include, but

are not limited to, Rikers Island, Brooklyn Detention Center, Elmhurst Hospital, Bellevue Hospital, Bedford Hills Correctional Facility, Taconic Correctional Facility, Wallkill Correctional Facility, and other locations throughout the State of New York.

34. The public works contracts, as a matter of fact or by operation of law, required that Securus pay and ensure payment of the prevailing rates of wages and supplemental benefits to all workers furnishing labor on the site of the public works projects, including their direct employees and all other persons furnishing such labor.

35. The public works contracts also provided, as a matter of fact or by operation of law, that any contracts or subcontracts that Securus entered into contain language requiring the payment of prevailing wages and supplemental benefits to all workers furnishing labor on the sites of the public works contract.

36. As required by law, schedules containing prevailing wages and supplemental benefits to be paid to the Plaintiffs and putative class members should have been annexed to and formed a part of the public works contracts entered into by Securus. If not annexed to the public works contracts, such schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

37. The promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the public works contracts was made for the benefit of all workers furnishing labor on the sites of the public works projects and, as such, the workers furnishing labor on the sites of the public works projects are the beneficiaries of that promise and the contracts entered into between Securus and government agencies.

38. In furtherance of the public works contracts entered into by Securus, Plaintiffs and other members of the putative class performed various types of electrical work including, but not

limited to, installing, maintaining, inspecting, testing, repairing and/or replacing inmate telecommunications systems such as phone systems and wireless internet. This work included, but was not limited to, running repairing wires and conduit, repairing and replacing telephones, locating and repairing wiring faults, and installing wireless network connections, routers, and antennas.

39. Upon information and belief, for all work performed by Plaintiffs and other members of the putative class for Securus on public works projects, Securus willfully paid Plaintiffs and other members of the putative class less than the prevailing rates of wages and supplements to which they were entitled.

40. During the period of time for which Plaintiffs and the members of the putative class performed work on the public works projects, Securus also failed to ensure payment of the prevailing rates of wages and supplements to which Plaintiffs and other members of the putative class were entitled.

41. The value of the hourly wages plus the hourly value of the fringe benefits, if any, the Plaintiffs and class members received was at all times less than the sum of the applicable prevailing hourly wage plus prevailing fringe rates.

42. Within the past three years, and while Plaintiffs and the members of the putative class performed work on the public works projects for Securus, they frequently worked in excess of forty hours in a week.

43. During the weeks Plaintiffs and class members worked more than 40 hours, Securus failed to ensure payment of time and one-half at the FLSA-required regular rate of pay, namely the applicable prevailing wage and supplemental benefit rates, for all hours worked in excess of forty.

## FIRST CAUSE OF ACTION
**Breach of Third-Party Beneficiary Contract**
**New York Labor Law § 220**

44. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

45. Upon information and belief, the public works contracts entered into by Securus contained, as a matter of fact or by operation of law, schedules of the prevailing rates of wages and supplemental benefits to be paid to Plaintiffs and the other putative class members.

46. Those prevailing rates of wages and supplemental benefits were made part of the public works contracts for the benefits of the Plaintiffs and putative class members.

47. Securus breached the public works contracts by failing to pay Plaintiffs and the putative class members the prevailing rates of wages and supplemental benefits—specifically, the Electrician "M" rate—for all labor performed upon the public works projects.

48. As a result of its breach of the public works contracts, Securus is liable to Plaintiffs and the putative class members for the value of the unpaid prevailing wages, supplemental benefits, and interest.

## SECOND CAUSE OF ACTION
**Quantum Meruit**
**(Pled in the Alternative)**

49. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

50. Plaintiffs and the putative class members have performed numerous, valuable services at the request and for the benefit of Securus. Plaintiffs and the putative class members were not paid the reasonable value of those services.

51. As a result, Securus is liable to Plaintiffs and the putative class members for the reasonable value of those services, less the non-prevailing wages already paid, plus interest.

52.

**THIRD CAUSE OF ACTION**
**Unjust Enrichment**
**(Pled in the Alternative)**

53. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

54. Plaintiffs and the putative class members have performed a significant amount of work for which they have not been properly paid.

55. When Securus entered into the public works contracts, it agreed, as a matter of fact or by operation of law, to pay the required prevailing wage, overtime, and supplemental benefit rates to Plaintiffs and the putative class members.

56. Upon information and belief, the amount paid to Securus by its public customers for labor performed by Plaintiffs and the putative class members were based on the Electrician "M" rate, which Securus failed to pay.

57. As a result of this failure to pay said wages, Securus was unjustly enriched for work and services performed by Plaintiffs and the putative class members.

**FOURTH CAUSE OF ACTION**
**Overtime**
**Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.**

58. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

59. Plaintiffs and the putative class members are entitled to one and one-half their regular rates of pay for all hours worked in excess of forty hours in a workweek under the FLSA, as amended, 29 U.S.C. § 201 *et seq*.

60. In failing to pay the required prevailing wage and supplemental benefit rates for public work, Defendant unlawfully underpaid the Plaintiffs' and putative class members' "regular rate" under the FLSA. Thus, in those weeks where Plaintiffs and the putative class members worked more than forty hours, Defendant underpaid them in violation of the FLSA, because the

overtime premium for those hours was based on an unlawfully low rate of pay, rather than the statutorily required prevailing rate.

61. Defendant's failure to properly compensate Plaintiffs and the putative class members for overtime work, as required by the FLSA, was willful.

## DEMAND FOR TRIAL BY JURY

62. The Plaintiffs and putative class members respectfully demand that this proceeding be tried by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the putative class demand judgment providing the following relief:

a. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Designation of Derrick Brunson, Ernest Smith, and Norman Williams as representatives of the Class, and counsel of record as Class Counsel;

c. The difference between the wages paid to Plaintiffs and the putative class members for work on public works projects and the proper, lawful prevailing wage and supplemental benefit rates at the time, as determined by the New York State Department of Labor and New York City Comptroller, and interest on said sum;

d. Overtime pay pursuant to the FLSA, plus liquidated damages, attorneys' fees, and interest;

e. That the Court direct Defendant to pay Plaintiffs and the putative class members the cost of this action together with reasonable attorneys' fees;

f. Issuance of a declaratory judgment that the practices of Defendant Securus complained of herein are unlawful under the New York State Labor Law and Fair Labor Standards Act; and

g. Such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
June 11, 2026

MENKEN SIMPSON & ROZGER LLP

By: ____________________

Jason J. Rozger
225 Broadway, Suite 920
New York, NY 10007
Office: 212-509-1616
jrozger@nyemployeelaw.com